UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROLAND BAILEY, )<br>)<br>Defendant. )<br>_____) | Criminal Action No. 03-CR-441-15 |

MEMORANDUM OPINION

On December 22, 2006, the Court sentenced the defendant in this criminal matter to a term of life imprisonment after he was found guilty by jury verdict of Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine. Judgment in a Criminal Case ("Judgment") at 1–2, ECF No. 572. Currently before the Court is the defendant's pro se petition to vacate the Court's sentence pursuant to 28 U.S.C. § 2255 (2012), in which he asserts several claims of ineffective assistance of trial and appellate counsel and requests an evidentiary hearing. See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [] ("Def.'s Mot."), ECF No. 922. In addition, the defendant contends that he is entitled to sentencing relief in accordance with the Supreme Court's opinion in Johnson v. United States, __ U.S. __, __, 135 S. Ct. 2551, 2563 (2015). See Movant's Supplemental/Amended Pleadings in Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C.A. § 2255 ("Def.'s Supp."), ECF No. 949.[1]

---

[1] The defendant has also filed numerous motions pursuant to Federal Rule of Criminal Procedure 41 "for the return of illegally seized property of $18,800 U.S. [c]urrency." Rule 41(e) Motion for Return of Illegally Seized Property [], ECF No. 897; see also Motion for Clarification on Forfeiture Proceeding[s] [], ECF No. 888; Petitioner's Motion for Judicial Forum in Reference to Seized and Forfeited Property[] Rule 41(g) Motion for Return of Illegally Seized Property [], ECF No. 898; Petitioner's Motion for Judicial Forum in Reference to Seized and Forfeited Property [] Rule 41(e) Motion for Return of Illegally Seized Property [], ECF Nos. 901 & 902; Motion for Order to Show Cause for Non-Response to Movant's [Rule] 41(e) [Motion], ECF No. 954. While it is true that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" pursuant to Rule 41(g), such a "motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). And here, the petitioner explains in his motions that the property in question was seized when he "was

(continued . . . )

Upon careful consideration of the defendant's submissions, the Court concludes that it must deny the defendant's petition in its entirety.[2]

## I. BACKGROUND

The defendant appealed his conviction and sentence to the United States Court of Appeals for the District of Columbia Circuit on December 27, 2006. Notice of Appeal at 1, ECF No. 564. Specifically, the defendant raised the following claims: (1) that "the district court erred in denying his motion to suppress the drugs seized from his car," United States v. Bailey, 622 F.3d 1, 2 (D.C. Cir. 2010);[3] and (2) that the Court erred in its "application of the career offender provision of the Sentencing Guidelines," id. at 10. The Circuit held that this Court "did not err in ruling there was articulable suspicion to stop [the defendant] and properly denied the motion to suppress," id. at 7, but remanded the case to this Court "for consideration of [the defendant]'s policy objection to the career offender provision of the U.S. Sentencing Guidelines, § 4B1.1, in view of Kimbrough v. United States, 552 U.S. 85 (2007), which was decided after [the

---

( . . . continued)
arrested in the jurisdiction of Maryland." Rule 41(e) Motion for Return of Illegally Seized Property [] at 1, ECF No. 897. Therefore, the District Court for the District of Columbia is not the appropriate venue for the filing of these motions. Moreover, even if it were the case that the government improperly forfeited the defendant's property, "once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve [a Rule 41(g) motion]." United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990). Instead, a "defendant's sole remedy under these circumstances [is] 'to bring a separate civil action and to file a motion to set aside [the] forfeiture pursuant to [Section 983(e)] of the Civil Asset Forfeiture Reform Act of 2000].'" United States v. Barnhardt, 555 F. Supp. 2d 184, 186 (D.D.C. 2008) (quoting United States v. Barnhardt, No. 04-0132 (PLF), 2006 WL 2474224, at *2 (D.D.C. Aug. 25, 2006)). The defendant's motions here are not brought pursuant to that Section, but even if they were, it would be improper for the Court to resolve them "as a matter ancillary to [the petitioner's] underlying (closed) criminal case." Id. at 186–87. Therefore, the Court must deny these motions, but will do so without prejudice to permit the defendant to pursue these claims in a civil proceeding.

[2] In addition to the defendant's motion to vacate, the Court considered the following submissions in rendering its decision: (1) the Movant's Memorandum of Law in Support of Petition for Relief Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct His Sentence ("Def.'s Mem."); and (2) the petitioner's Motion Seeking Summary Judgment Pursuant to [Federal Rule of Civil Procedure] 56(a), ECF No. 938.

[3] During pre-trial proceedings before the Court, the Court "denied [the defendant]'s motion to suppress the cocaine seized from his car on two alternative grounds," the first being "that the police had probable cause and/or reasonable suspicion to believe that [the defendant] had been involved in a drug transaction," and the second being "that there was probable cause to stop [the defendant] for a traffic violation." Bailey, 622 F.3d at 4, 7.

defendant]'s sentencing," id. at 3. The Circuit also instructed this Court to address the defendant's claims that were raised during pretrial proceedings that "false testimony was presented to the grand jury" by Detective Steven Manley, "and if so, whether it had a spillover effect on the grand jury's determinations." Id. at 11–12.

On remand, the Court again concluded at resentencing "that the within-Guidelines sentence was appropriate in light of [the defendant]'s significant criminal history and the effects of [the defendant]'s drug dealing on the community." See United States v. Bailey, 544 F. App'x 1, 1 (D.C. Cir. 2013). The Court also addressed allegations raised by the defendant about "allegedly false grand jury testimony," noting that "the Court has confirmed the government's earlier representation that no false testimony was presented to the grand jury." Id. at 2. The defendant again appealed his conviction and sentence to the Circuit, both of which were affirmed. Id. Pertinent to the defendant's motion here, the Circuit noted that the defendant for the first time in his appeal contended that "a second police officer, Officer Franchak, provided false testimony to the grand jury." Id. The Circuit summarily rejected this argument, explaining that:

> Any error by the District Court in declining to address that issue would be harmless, for two reasons. First, the supposed misstatements cited by [the defendant] are immaterial. Second, the jury's decision to convict [the defendant] necessarily established that probable cause to arrest and indict [the defendant] did exist.

Id. (citing United States v. Mechanik, 475 U.S. 66 (1986)).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a person in custody pursuant to a federal court sentence may "move the court which imposed the sentence to vacate, set aside[,] or correct the sentence," on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, . . . that the court was without jurisdiction to impose such sentence, or that the sentence

3

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the reviewing court finds that any grounds requiring relief under § 2255(a) are satisfied, it "shall vacate and set the judgment aside[,] and [it] shall [also] discharge the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear appropriate." Id. § 2255(b).

## III. ANALYSIS

In his petition, the defendant claims that he was provided ineffective assistance of counsel by both his trial and appellate attorneys (Counts One, Two, and Three), see Def.'s Mot. at 5–9; Def.'s Mem. at 18–34, that he was subjected to Fourth Amendment violations at the hands of law enforcement (Counts Four, Five, Six, and Seven), Def.'s Mot. at 9, 10(a); Def.'s Mem. at 35–53, that law enforcement officers testified improperly during his trial (Count Eight), Def.'s Mot. at 10(a); Def.'s Mem. at 54–56, that law enforcement officers improperly interrogated him in violation of the requirements of Miranda v. Arizona, 384 U.S. 436 (1966) (Counts Nine and Ten), Def.'s Mot. at 10(a); Def.'s Mem. at 57–62, and that the cumulative impact of the purported errors at trial warrants reversal of his conviction (Count Eleven), Def.'s Mot. at 10(b); Def.'s Mem. at 63.[4] The defendant also contends that he is entitled to sentencing relief because of intervening controlling case law. See generally Def.'s Supp. at 4.

### A. The Defendant's Claims of Ineffective Assistance of Counsel

"To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance [by his counsel] and prejudice to him [because of counsel's deficient

---

[4] The defendant also asserts that he "is entitled to an evidentiary hearing on these matters." Def.'s Mem. at 64; see also Def.'s Mot. at 10(b). However, an evidentiary hearing is not warranted in this case. "[W]hile the defendant may seek an evidentiary hearing to develop his claims, a court need not hold one where 'the motions and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Brisbane, 729 F. Supp. 2d 99, 109 (D.D.C. 2010) (Walton, J.) (quoting 28 U.S.C. § 2255(b)). Because the defendant's motion consists merely of a request for an evidentiary hearing on his other claims for relief, none having any substantive merit, see Def.'s Mem. at 64; see also Def.'s Mot. at 10(b), the Court will deny the defendant's request for an evidentiary hearing.

4

performance]." United States v. Williams, 488 F.3d 1004, 1010 (D.C. Cir. 2007) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Counsel's performance is deficient only where counsel "made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; see also United States v. Abney, 812 F.3d 1079, 1086 (D.C. Cir. 2016) ("Counsel's performance is 'deficient' when his representation falls below an objective standard of reasonableness." (citing United States v. Rodriguez, 676 F.3d 183, 189 (D.C. Cir. 2012))). In other words, counsel must provide "reasonably effective assistance," Strickland, 466 U.S. at 687, measured by "prevailing professional norms," id. at 688; see also Massaro v. United States, 538 U.S. 500, 505 (2003) ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy . . . ."). When entertaining claims of ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. Prejudice occurs if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

As grounds for his claim that he was provided ineffective assistance by his trial attorney, the defendant contends that counsel:

> inexplicably failed to perform an all-inclusive examination of the facts and circumstances surrounding the traffic stop of [the defendant], [and] had he . . . completed this task as required he would have realized the alleged Kilo of cocaine encased in a brown paper bag and wrapped-up in duct tape was supposedly situated on the front seat of the vehicle [the defendant] was operating, not the rear floorboard as [trial counsel] incorrectly sets forth in his motion [to suppress].

5

Def.'s Mem. at 18 (emphases omitted). Additionally, the defendant contends that counsel inaccurately stated in that motion "that an officer began to poke at the package[,] penetrating it with a sharp object," contradicting statements by the police that "a corner of the alleged package was cocked, open[,] and visible to the police officers." Id. at 19 (emphases omitted). But as the Circuit explained on appeal, "the officers had probable cause to search [the defendant's] car because, as he concedes, a package containing cocaine was in plain view on the passenger's seat," Bailey, 622 F.3d at 3 (citing United States v. McKie, 951 F.2d 399, 402 (D.C. Cir. 1991), and thus, this Court "properly denied the [defendant's] motion to suppress," id. at 7. Therefore, probable cause existed to search the defendant's vehicle at the time of his arrest, even according to the facts as now alleged in the defendant's motion. Accordingly, the Court must conclude that counsel's purported misstatements in the suppression motion could not have resulted in any prejudice to the defendant.[5]

> The defendant next contends that
>
> the testimony presented to the Grand Jury and the jury during [the defendant]'s jury trial was egregious perjury permeated with falsehoods, untruth[,] and concocted misrepresentations by various members of the District of Columbia Metropolitan Police Department [("MPD")], particularly MPD Investigator Steven Manley. Why these individuals were not discredited or impeached by trial counsel can only be attributed to ineffective assistance of counsel.

Def.'s Mem. at 28–29. With respect to the defendant's contention that trial counsel should have discredited these law enforcement officers' testimony that was presented to the grand jury, trial counsel did, in fact, raise these issues before this Court, see Bailey, 622 F.3d at 11 (defendant moved this Court "to dismiss the indictment because the government represented that the false

---

[5] "The Court need not address both the deficient performance and prejudice prongs [of the ineffective assistance of counsel standard], as 'there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one.'" United States v. Sutton, 803 F. Supp. 2d 1, 5 n.5 (D.D.C. 2011) (Walton, J.) (quoting Strickland, 466 U.S. at 697).

grand jury testimony had not been presented to the grand jury that indicted [the defendant]"), and therefore, this argument is meritless. Moreover, even if counsel had failed to raise these concerns, this Circuit explained during the defendant's second appeal that a failure to consider the defendant's allegations that law enforcement offered false testimony to the grand jury "would be harmless" because "the jury's decision to convict [the defendant] necessarily established that probable cause to arrest and indict [the defendant] did exist." Bailey, 544 Fed. App'x at 2 (citing Mechanik, 475 U.S. at 66). And with respect to the defendant's general contentions that trial counsel failed to impeach these law enforcement officers' testimony at trial, the defendant's allegations as to the veracity of each law enforcement officer's trial testimony are entirely conclusory in nature. They offer "no plausible factual showing supporting his conjecture about successful impeachment or demonstrating that such testimony would have had any effect" on his case. United States v. Washington, 782 F. Supp. 2d 1, 3 (D.D.C. 2011) (citation omitted). Thus, the defendant has not offered sufficient explanation as to why his trial counsel's performance was deficient, or demonstrated what prejudice resulted from these purported deficiencies, and the Court must therefore deny the defendant's ineffective assistance claim asserted against his trial attorney. See Strickland, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Next, the defendant contends that trial "counsel did not inform the jury of the Government's heavy burden to prove trust-worthiness [of its witnesses] beyond a reasonable doubt," and "should have requested a cautionary instruction" regarding the testifying law enforcement officers' trustworthiness. Def.'s Mem. at 32. Furthermore, he argues that "appellate counsel should have raised this issue on appeal and was also ineffective for failing to

do so." Id. This argument is unavailing because the defendant's articulation of the law is inaccurate. It is true that "the burden of proof rest[s] upon the Government to prove guilt to [the jury's] satisfaction beyond a reasonable doubt, [and] that this burden extend[s] to each and all essential elements of the offense charged." E.g. Lawson v. United States, 248 F.2d 654, 655 (D.C. Cir. 1957). But "[t]he weight to be given to [a Government witness]'s testimony falls within the province of the jury." United States v. Cox, 509 F.2d 390, 391–92 (D.C. Cir. 1974). As for the defendant's expectation that his trial counsel should have requested a cautionary instruction regarding the veracity of any particular police officer's testimony, this Circuit has held that no such instruction is required. See Bush v. United States, 375 F.2d 602, 604 (D.C. Cir. 1967) ("The traditional safeguards of the Anglo-American legal system 'leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury' . . . . These traditional safeguards may be applied to police officers as well as to other witnesses, but it is quite another thing to hold that a jury must be told by the judge that narcotics agents or police officers as a class are inherently untrustworthy. Each witness appears before a jury on his own; jurors may believe or disbelieve, accept or discount, testimony on the basis of what the witness says and does or on the basis of impeachment evidence." (footnote omitted) (quoting Hoffa v. United States, 385 U.S. 293, 311 (1966))). Regardless, the Court specifically noted during its final instructions to the jury that:

> You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed . . . . [A] law enforcement officer's testimony should be considered by you just as any other evidence in thie case. In evaluating the officer's credibility, you should use the same guidelines which you apply to the testimony of any other witness. In no Event should you give either greater or lesser weight to the testimony of any witness merely because he is a law enforcement officer.

Tr. of Proceedings at 77, 83 (Feb. 9, 2006). Accordingly, the defendant has not demonstrated that trial counsel's representation fell below an objective standard of reasonableness regarding the reasons advanced in Count Three of the defendant's motion.

**B. The Defendant's Fourth Amendment Violation Claims**

The defendant next alleges a number of purported inconsistencies in the statements of the law enforcement officers responsible for his arrest, see Def.'s Mem. at 35–39, ultimately concluding that "[t]he stop of [his] vehicle by MPD . . . was not only pretextual but also without legitimate basis," id. at 39. In other words, he contends that law enforcement "did not have probable cause to make [the traffic] stop" that resulted in his arrest, id., and that the evidence of illegal drugs found in his possession at the time are "inadmissible under the 'fruit-of-the-poisonous tree' doctrine," id. at 40. Similarly, the defendant also contends that the Court "erred in denying [his] motion seeking to suppress the kilogram of cocaine allegedly discovered in [his] vehicle," because he "possessed a legitimate expectation of privacy in the contents of any packages, containers[,] or parcels found therein." Id. at 44. The defendant further contends that the Court "erred in denying [his] motion for a new trial and/or motion for a judgment of acquittal due to the insufficiency of [the] evidence," because "the unjustified traffic stop conducted by the MPD Officers . . . [was] without probable cause" and because of "the failure [of the Court] to suppress 'fruits-of-the-poisonous' tree evidence." Id. at 47–48 (emphasis omitted) (citation omitted). Additionally, the defendant contends that the drug evidence presented at trial was inadmissible because "cocaine obtained by state/MPD officers during a warrantless search . . . would have violated [his] immunity from unreasonable searches and seizures under the Fourth Amendment." Id. at 53 (emphasis omitted).

The defendant previously raised and litigated these arguments before the Circuit during his first appeal. See Bailey, 622 F.3d at 4–5 ("The district court ruled that the police had probable cause and/or reasonable suspicion to believe that [the defendant] had been involved in a drug transaction, thus giving the police grounds to stop [the defendant]'s car . . . . Alternatively, the district court ruled [the defendant] was observed committing a traffic violation, justifying the stop . . . . [The defendant] challenges the district court's legal ruling on the ground that the record reveals an insufficient basis for either probable cause or reasonable suspicion that he was engaged in criminal activity."). And, the Circuit concluded that this Court "did not err in ruling there was articulable suspicion to stop [the defendant] and properly denied [his] motion to suppress." Id. at 7.

"[C]laims that were already raised and rejected on direct appellate review will not be entertained on a § 2255 motion absent extraordinary circumstances such as an intervening change in the law." United States v. Palmer, 902 F. Supp. 2d 1, 16 (D.D.C. 2012) (citing United States v. Greene, 834 F.2d 1067, 1070 (D.C. Cir. 1987). As the defendant offers no reason to find that there are extraordinary circumstances warranting reconsideration of those arguments already addressed by this Circuit on appeal, the Court must deny the defendant's motion with respect to his claims pertaining to a purported violation of his Fourth Amendment rights.[6]

---

[6] The defendant asserts two other claims of ineffective assistance of counsel associated with his position that his constitutional rights were violated, see Def.'s Mot. at 10 (contending that his Fourth Amendment claims were not raised on appeal due to "[i]neffective assistance of appellate counsel"); Def.'s Mem. at 50 (asserting ineffective assistance of counsel claim resulting in violations of the Fourth Amendment and the due process provisions of the Fifth and Fourteenth Amendments), but neither the defendant's motion nor his memorandum sets forth any assertions related to any purported deficiencies in the performance of trial or appellate counsel, such as by failing to make the legal arguments set forth in the defendant's motion, see Def.'s Mot. at 10, 10(a); Def.'s Mem. at 35–43, 50–53. However, even if the defendant had made such an argument in his memorandum, the Court notes that both trial and appellate counsel did argue for suppression of the evidence recovered during the traffic stop based upon a purported violation of the defendant's rights guaranteed by the Fourth Amendment. See Bailey, 622 F.3d at 4–5. Therefore, the unsupported arguments raised solely in his motion are meritless.

## C. The Defendant's Objections to the Form of Testimony Presented

The defendant contends that law enforcement officers who testified at his trial were improperly permitted to offer both lay and expert testimony. Def.'s Mem. at 54. He argues that "[b]y interspersing lay with expert testimony, it was often impossible to determine the accuracy, reliability[,] and source of [the officers'] information." Id. at 55.

Upon consideration of a motion filed pursuant to § 2255, "[t]he procedural default rule generally precludes consideration of an argument made on collateral review that was not made on direct appeal, unless the defendant shows cause and prejudice." United States v. Hughes, 514 F.3d 15, 17 (D.C. Cir. 2008) (citing Massaro, 538 U.S. at 504). "This rule 'respect[s] the law's important interest in the finality of judgments' and conserves judicial resources." Id. (quoting Massaro, 538 U.S. at 504). And where, as here, the defendant "offers no colorable reason why the procedural default rule should not apply to [his] claim," the claim may be dismissed without consideration on the merits. Id. Having offered no reason for the Court to conclude that either cause or prejudice exists with respect to the defendant's failure to raise this argument on direct appeal, the Court must dismiss the defendant's motion with respect to this challenge to his conviction.

## D. The Defendant's Miranda Violation Claims

The defendant contends that law enforcement's "interrogation of [him] before, during[,] and after his detention following the traffic stop on July 3, 2002, violated the Fifth Amendment as the questioning of [him] about matters unrelated to the traffic violation was unlawful under Miranda v. Arizona, 384 U.S. 436 (1966) requiring the evidence seized [to] be suppressed." Def.'s Mem. at 57. Specifically, the defendant contends that "questioning [him] without giving him Miranda warnings was not" permissible during the course of his traffic stop and subsequent

11

arrest. Id. at 57–58. Similarly, he also contends that the "Court erred when it permitted the admissibility of [the defendant]'s alleged confession, in violation of Miranda and 18 U.S.C. § 3501 to be entered into evidence," because "[s]aid confession should have been found by the trial judge to have been made involuntarily disallowed to be heard by the jury." Id. at 62 (emphases omitted).

The defendant did not raise any issues related to Miranda on direct appeal, and thus, these arguments are subject to the procedural default rule, just discussed. See Hughes, 514 F.3d at 17 (citing Massaro, 538 U.S. at 504). Here again, the defendant offers no reason for the Court to conclude that cause or prejudice exists that would excuse him from the requirements of this rule. See Def.'s Mem. at 57–62. Accordingly, the defendant's motion with respect to his Miranda argument must be denied.

### E. The Defendant's Cumulative Error Doctrine Claim

Citing opinions issued by other Circuits, the defendant argues that "the cumulative impact of the errors contained [in the defendant's motion] shows that [he] was denied a fair trial." Def.'s Mem. at 63. As explained by the Eleventh Circuit's decision cited by the defendant, "[t]he cumulative error doctrine 'provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal.'" United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005) (quoting United States v. Munoz, 150 F.3d 401, 418 (5th Cir. 1998)) (other citations omitted), abrogated on other grounds by Davis v. Washington, 547 U.S. 813, 821 (2006). The defendant recognizes that "he is not aware of any published opinion in this Circuit where the Court has addressed the question of how to incorporate into the cumulative error analysis harmless errors and plain errors that do not, standing alone, necessitate reversal." Def.'s

12

Mem. at 63. But even if this doctrine were the law of this Circuit, none of the other claims advanced in the defendant's motion constitute error, harmless or otherwise, and therefore there is nothing to consider in the aggregate. Accordingly, the defendant's motion with respect to the cumulative error doctrine is denied.

### F. The Defendant's Intervening Controlling Case Law Claim

In the defendant's supplement to his motion, he contends that his sentencing was improper based upon the reasoning of the Supreme Court's decision in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). See Def.'s Supp. at 4. Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, __ U.S. at __, 135 S. Ct. at 2563. Johnson observed that "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Id. at __, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). The Supreme Court concluded that this "residual clause" was "unconstitutionally vague" because it "leaves grave uncertainty about how to estimate the risk posed by a crime," and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. at __, 135 S. Ct. at 2557–58.

The defendant argues that this "Court erred in sentencing [him] under the Career Offender enhancement," Def.'s Supp. at 5, as set forth in the United States Sentencing Guidelines Manual ("Guidelines"), see U.S.S.G. § 4B1.1(a) (2006). At the time of the defendant's first sentencing, the Career Offender section of the Guidelines provided as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. The Guidelines defined the term "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise <u>involves conduct that presents a serious potential risk of physical injury to another</u>.

U.S.S.G. § 4B1.2(a) (2006) (emphasis added). And the Guidelines defined the term "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (2006). At the time of the defendant's resentencing on December 2, 2011, see Minute Order at 1 (Dec. 2, 2011), these definitions remained unchanged in the Guidelines. See U.S.S.G. §§ 4B1.1–4B1.2 (2011).

The defendant posits that the residual clause in the Career Offender Guideline is identical to the one in the Armed Career Criminal Act that was held to be unconstitutionally vague in Johnson, and should therefore also be held unconstitutional on those same grounds. Def.'s Supp. at 7 ("[T]he definition of 'crime of violence' in [Guidelines] § 4B1.1 and § 4B1.2 . . . is viewed as essentially interchangeable with the definition of 'violent felony' in § 924(e)(2)(B) and § 944." (emphases omitted) (citations omitted)). He further contends that some of his "predicate offense(s) fall under [this] residual clause," id. at 8 (emphasis omitted), and therefore the application of the Career Offender Guideline was improper at his sentencing, see id. at 9.

While it is true that the residual clause found in prior versions of the Career Offender provision of the Guidelines may contain the same language that was at issue in Johnson, relief is

14

unwarranted in this case because that clause was never at issue in the defendant's case. The defendant conceded several times throughout the course of his prosecution that he qualified for the Career Offender enhancement based upon controlled substance offenses in his criminal record—predicate crimes for the enhancement that are <u>not</u> crimes of violence or otherwise rely upon the application of the residual clause at issue in <u>Johnson</u>. <u>See</u> Defendant's Resentencing Memorandum at 12 (Nov. 28, 2011), ECF No. 864 (acknowledging at least five prior drug convictions, and admitting that it was "the [d]efendant's situation" that at least two of those convictions "were prosecuted as felonies"); the defendant's Sentencing Memorandum at 5 n.4 (Oct. 18, 2006), ECF No. 545 (noting that three of the defendant's prior convictions that would serve as predicate offenses for the Career Offender enhancement were "narcotics convictions"); Def.'s Supp. at 10 (conceding that at least some of the "prior qualifying offenses entailed controlled substance offenses"). Indeed, none of the sentencing memoranda presented to the Court suggested that the Career Offender Guideline should apply to the defendant based upon prior convictions that fell within the Guideline's residual clause for crimes of violence, <u>see generally</u> Defendant's Resentencing Memorandum (Nov. 28, 2011), ECF No. 864; the Government's Response to Defendant's Sentencing Memorandum (Oct. 20, 2006), ECF No. 546 ("Six of [the defendant's] convictions have been for narcotics offenses and three have been for narcotics felonies involving distribution of drugs."); the defendant's Sentencing Memorandum (Oct. 18, 2006), ECF No. 545, and the defendant's present motion does not point to an instance in which the residual clause was ever referenced or relied upon as the basis for the sentence he received either during his sentencing or resentencing, <u>see generally</u> Def.'s Supp. In sum, even if the Court concluded that the residual clause found in prior versions of the Career Offender Guideline enhancement is unconstitutional on vagueness grounds, the defendant nonetheless

would still have qualified for the enhancement of his sentence based on his prior controlled substance offenses. Accordingly, the arguments presented in the defendant's supplement do not warrant sentencing relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must deny the defendant's motion to vacate, set aside, or correct his sentence. The Court must also deny without prejudice the defendant's motions seeking the return of property purportedly seized at the time of his arrest.

**SO ORDERED** this 14th day of September, 2016.[7]

_____
REGGIE B. WALTON
United States District Judge

---

[7] An Order consistent with this Memorandum Opinion will be issued contemporaneously.